| | |
|---|---|
| District Court, El Paso County, State of Colorado<br>Court Address: 270 S. Tejon, Colorado Springs, CO 80903<br>**CENTENNIAL PROFESSIONAL PROPERTIES, LLC,**<br>**Plaintiff,**<br><br>v.<br><br>**THE HARTFORD,**<br>a/k/a Hartford Casualty Insurance Company,<br>a/k/a Hartford Insurance Company of the Midwest,<br>**Defendant.** | DATE FILED: June 25, 2015 3:13 PM<br>FILING ID: A3EF5FAEF6B8C<br>CASE NUMBER: 2015CV31850<br><br><br>▲COURT USE ONLY▲ |
| *Attorney for Plaintiff:*<br>**MACEAU LAW**<br>Gregory A. Maceau, #15693<br>Mark Anthony Barrionuevo, #43535<br>Jamie V. Smith, #41612<br>John M. Scorsine, #37131<br>3225 Templeton Gap Rd, Suite 205<br>Colorado Springs, CO 80907<br>Phone Number: (719) 633-2222<br>FAX Number: (719) 577-4648<br>Email: info@maceaulaw.com | Case Number:<br><br><br><br>Division:        Courtroom |
| **COMPLAINT AND JURY DEMAND** ||

**COMES NOW,** the Plaintiff, Centennial Professional Properties, by and through its attorneys, Maceau Law, and hereby submits her Complaint, and in support thereof states and avers as follows:

### I.   PARTIES AND JURISDICTION

1. This is an action for damages that are not in excess of $75,000, inclusive of costs, interest, and attorney's fees, arising from the bad faith of the Defendant, The Hartford.

2. At all times relevant to this Complaint, the Plaintiff is a Colorado limited liability company in good standing with the Colorado Secretary of State and with a listed principal place of business located at 2153 Chuckwagon Road, Suite 15, Colorado Springs, Colorado, 80919.

3. At all times relevant to this Complaint, the Defendant is an Indiana corporation in good standing with the Colorado Secretary of State and with a listed principal place of business located at 501 Pennsylvania Parkway, Suite 400, Indianapolis, IN 46280.

## II.   GENERAL ALLEGATIONS

4. The Plaintiff incorporates herein by reference the foregoing paragraphs 1 through 3 as if fully set forth herein.

5. At all times pertinent to this Complaint, the Plaintiff had a business owner's policy with The Hartford a/k/a Hartford Insurance Company of the Midwest (hereinafter referred to as "policy"). That policy provides for building coverage and/or business income coverage. This business owner's policy covered a real property located at 2153 Chuckwagon Road, Colorado Springs, Colorado, 80919 (hereinafter referred to as the "property".)

6. The property was damaged by the Waldo Canyon fire which occurred during June and July 2012. This wildfire caused smoke, soot and/or fire damage to the property, including but not limited to: damaged stucco, damaged ducts, damaged/soiled carpets, soiled walls, ruined insulation, damaged gas meter, and damaged roof.

7. As a result of the Waldo Canyon fire, Plaintiff has suffered damage to its property.

8. The above stated damage to Plaintiff's property was caused through no fault of its own.

9. At some time after the fire, an inspection of the property was performed that showed the property could be occupied.

10. Several days after this inspection, the stucco on the exterior of the property began to fall off.

11. On July 26, 2012, Terry Briggs with Western Inspection, hired by Defendant, inspected the roof of the property. Mr. Briggs did not find any evidence of fire or smoke damage, but he did find some evidence of wind damage to about six tiles. He also did not see any fire damage on the fascia or soffit area.

12. On or about July 30, 2012, an inspector with Exteriors and Stucco Evaluation Consultants, Inc., hired by Defendant, inspected the exterior of the property. The inspector found fire/smoke/heat damage to two elevations of the property and partial damage to a third elevation.

13. Plaintiff was informed that it would be very difficult to match the new stucco to the old stucco. However, Defendant would not pay to replace all stucco to the property, which was required in order to restore the property to the same level of cosmetic appearance as before the fire. Plaintiff was forced to pay the difference to have the undamaged stucco replaced in order to avoid the cosmetic appearance of her building being diminished.

14. Defendant contracted with ServPro to do interior cleaning and restoration. Shortly after ServPro completed their work, Plaintiff began having difficulties with the HVAC system in the building, with temperatures fluctuating wildly. Plaintiff hired All Seasons, who inspected the HVAC system and found that ServPro had left the wiring of the HVAC system in total disarray. Plaintiff had such a negative experience with ServPro that she did not ever want them in her building again, and so she hired All Seasons to fix the HVAC system at her own cost.

15. In March 2013, Plaintiff received a Notice of Nonrenewal of Insurance from Defendant, effective May 2, 2013 at 12:01 a.m.

16. Sometime in the months following this, Plaintiff's roof began to leak in multiple places. While Plaintiff initially believed that these leaks were isolated incidents, roofers brought in to repair the leaks determined that the under-layer of the roof had been "baked" by the fire and was brittle and warped, not unlike other roofs they had seen in the same neighborhood.

17. Plaintiff asked Defendant to reopen her claim, which Defendant did.

18. Defendant sent out an inspector from Western Inspections to inspect Plaintiff's roof. The inspector stated that there was no fire related damage to the roof, and that the leaking was caused by "shoddy workmanship."

19. A second inspector from Pie Consulting inspected Plaintiff's roof on September 9, 2014. The inspector from Pie Consulting also stated that there was no fire related damage to the roof.

20. Defendant sent Plaintiff a letter stating that it was denying Plaintiff's claim for fire related damage to the roof, based upon the inspection by Pie Consulting. However, this letter was dated August 21, 2014, nineteen days before the inspection by Pie Consulting was even done.

21. Plaintiff has spent her own money repairing the damage caused by the Waldo Canyon fire and which Defendant refused to repair/replace Plaintiff's property and to reimburse Plaintiff.

22. Defendant has continued to deny coverage and refused to repair/replace the damaged property.

## III.   FIRST CLAIM FOR RELIEF

### *Breach of Contract*

23.   The Plaintiff incorporates herein by reference the foregoing paragraphs 1 through 23 as if fully set forth herein.

24.   By delaying and denying business owner's coverage benefits, Defendant breached its insurance contract with the Plaintiff.

## IV.   SECOND CLAIM FOR RELIEF

### *Bad Faith Breach of Insurance Contract*

25.   The Plaintiff incorporates herein by reference the foregoing paragraphs 1 through 25 as if fully set forth herein.

26.   Defendant acted unreasonably in delaying and denying Plaintiff's claim for structure coverage under Plaintiff's business owner's insurance policy.

27.   Defendant knew that its conduct was unreasonable, or the Defendant recklessly disregarded the fact that its conduct was unreasonable.

28.   Defendant's unreasonable conduct was a cause of Plaintiff's damages and losses.

29.   In denying Plaintiff's claim for business owner's benefits, Defendant violated the unfair claims settlement practices subdivision of the Unfair Methods of Competition/Unfair or Deceptive Acts or Practices section of the Colorado Insurance Code, C.R.S. § 10-3-1104. Specifically, the Defendant:

    A.   Failed to adopt and implement reasonable standards for prompt investigation of claims arising under insurance policies, and/or;

       B.     Refused to pay Plaintiff's claim without conducting a reasonable investigation based upon all available information, and/or;

       C.     Failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim in which liability is clear.

## V.   THIRD CLAIM FOR RELIEF

### *Statutory Damages*

30. The Plaintiff incorporates herein by reference the foregoing paragraphs 1 through 30 as if fully set forth herein.

31. Defendant unreasonably delayed or denied Plaintiff's claim for business owner's benefits.

32. Pursuant to C.R.S. § 10-3-1115 and 10-3-1116, Plaintiff is entitled to double damages and attorney's fees on account of Defendant's unreasonable denial of its claim for business owner's benefits.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter Judgment in favor of the Plaintiff and against the Defendant in the amount of $74,000.00 inclusive of bad faith damages, double damages, attorney's fees, costs, interest, and such other and further relief as this Court deems just and proper under the circumstances.

PLAINTIFFS FURTHER REQUEST THIS MATTER BE RESOLVED WITH A TRIAL BY JURY

Respectfully submitted this 25th day of June, 2015.

          MACEAU LAW

          /s/ *Mark Anthony Barrionuevo*

          _____
          Gregory A. Maceau, #15693
          Mark Anthony Barrionuevo, #43535
          Jamie V. Smith, #41612
          John M Scorsine, #37131

<u>Plaintiff</u>
c/o Maceau Law
3225 Templeton Gap Rd. St. 205
Colorado Springs, CO 80907

7